UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| STEVE SHEPHERD, | ) | |
| plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:05-cv-0559 AS |
| WILLIAM M. YODER, | ) ) ) | |
| defendant. | ) | |

*OPINION AND ORDER*

Steve Shepherd, a prisoner currently committed to the Indiana Department of Correction, submitted a complaint pursuant to 42 U.S.C. § 1983 dealing with events that occurred at the LaGrange County Jail. He names William Yoder, a fellow prisoner, as the sole defendant. To prevent abusive or captious litigation, however, federal courts are authorized to dismiss a claim filed in forma pauperis if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. 28 U.S.C. §1915(e)(2).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Shepherd alleges that on September 23, 2004, Yoder attacked and injured him without provocation. He states that he was in the dayroom of the jail and picked up a piece of debris. Yoder stepped out of his cell, said the debris belonged to him, and that Mr. Shepherd was to put it back. Mr. Shepherd responded that it was in the trash can and Yoder attacked him.

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 536 (1981). If the person did not act "under color of state law," the action against him must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The United States Supreme Court defined the phrase "acting under color of [state] law" as "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citations omitted). The purpose of § 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

Even though they are in state custody, state prisoners generally do not "act under color of state law." There are circumstances under which a prisoner may act in conjunction with state actors and thereby become a proper § 1983 defendant. *See Dennis v. Spark*, 449 U.S. 24 (1980). But an inmate who assaults another inmate without more is not a state actor and may not be a defendant in a § 1983 action. Mr. Shepherd may sue Yoder in state court for battery, but he may not maintain an action against Yoder in this court.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. §1915(e)(2), without prejudice to the plaintiff's right to refile this claim against the defendant in state court.

**IT IS SO ORDERED.**

**ENTERED**: April  26 , 2006

       **S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**